IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALD DANIELS, et al., } | |
| } | |
| Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | 08-AR-0063-S |
| } | |
| WINN DIXIE MONTGOMERY, INC., } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Winn-Dixie Montgomery, Inc. ("Winn-Dixie"), to dismiss in part the above-entitled action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Also before the court is Winn-Dixie's motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) with respect to plaintiff's class claims. For the reasons that follow, the motion for partial dismissal will be granted in part and denied in part, and the motion for a more definite statement will be granted.

*Factual Allegations*

In this putative class action, plaintiffs[1] allege that Winn-Dixie has engaged in a pattern and practice of discrimination against them and others in their putative class. Specifically, they claim that Winn-Dixie refuses to accept their personal checks

---

[1] The named plaintiffs are Gerald Daniels, Frankie Daniels, Artelia Smith, and Classie L. Norman.

written for more than the purchase amount at its store in the Five Points West area of Birmingham, which is predominately black. Plaintiffs further allege that Winn-Dixie accepts checks for amounts over the purchase amount at its Montevallo store, which is located in a mostly white community. According to plaintiffs, Winn-Dixie's check-cashing policy represents a systemic pattern and practice of intentional discrimination, based in racial animus, and deprives black Winn-Dixie customers of their rights under federal law.

Plaintiffs claim that Winn-Dixie's discriminatory check-cashing policy violates 42 U.S.C. § 1981, 42 U.S.C. § 2000a, 42 U.S.C. § 1982, and 15 U.S.C. § 1691. Pursuant to Fed. R. Civ. P. 23(b), plaintiffs seek to represent a class consisting of "all African-Americans who attempted to contract, have contracted, or will in the future contract with Winn Dixie Stores, Inc. for tendering checks over the amount of the actual purchase." (Compl. ¶ 24.) Plaintiffs primarily seek injunctive and declaratory relief to end the alleged discriminatory policy, but they also request punitive and nominal damages.

*Discussion*

**I. Motion to Dismiss**

Winn-Dixie argues that plaintiffs' disparate impact claims under 42 U.S.C. §§ 1981, 1982, and 2000a should be dismissed for failure to state a claim because disparate impact claims, in

contrast to disparate treatment claims and pattern and practice claims, are premised on **neutral** actions or policies that have a discriminatory effect on a particular protected class. *See EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1278 (11th Cir. 2000). Winn-Dixie contends that plaintiffs cannot state disparate impact claims because all of the statutes invoked require proof of intentional discrimination. Plaintiffs concede that they cannot state disparate impact claims under § 1981 or § 1982. However, they argue that their § 2000a claim can be premised on a disparate impact theory. Neither the Supreme Court nor the Eleventh Circuit has addressed the question of whether disparate impact claims are cognizable under § 2000a. The handful of district courts that have dealt the issue in published opinions are not in harmony. *See, e.g.*, *Robinson v. Power Pizza, Inc.*, 993 F. Supp. 1462, 1464-65 (M.D. Fla. 1998) (applying disparate impact theory to § 2000a claim); *Laroche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1370 n.2 (S.D. Fla. 1999) (refusing to apply disparate impact theory to § 2000a claim).

This court is not required at this time to decide whether a § 2000a claim can be based on a disparate impact theory because plaintiffs' complaint does not ever purport to state and cannot be construed to state a disparate impact claim. It is clear from the face of the complaint that plaintiffs' claims under §§ 1981, 1982, and 2000a are premised on the allegation that Winn-Dixie has

3

engaged in a pattern and practice of discrimination. (Compl. ¶¶ 37, 40, 45.)  A pattern and practice claim, which is a variant of a disparate treatment claim, requires proof of discriminatory intent. *See Joe's Stone Crab*, 220 F.3d at 1273, 1287.  Here, plaintiffs have not alleged that Winn-Dixie has a facially neutral check-cashing policy.  Rather, they contend that Winn-Dixie has one policy for stores in white areas and a different policy for stores in black areas.  In other words, plaintiffs allege that Winn-Dixie intentionally discriminates against blacks through the use of a facially discriminatory check-cashing policy.  Because plaintiffs do not allege the existence of a facially-neutral policy, the parties are arguing about the dismissal of a claim that does not exist and that probably cannot be stated so as to be consistent with the current allegations.

Winn-Dixie also contends that plaintiffs' § 1982 claim should be dismissed in its entirety because plaintiffs have not alleged discrimination in the ability to purchase.  Section 1982 provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

The Supreme Court has made clear that § 1982 should be "broadly construed . . . to protect not merely the enforceability of property interests acquired by black citizens but also their right to **acquire and use** property on an equal basis with white citizens."

*City of Memphis v. Greene*, 451 U.S. 100, 120, 101 S. Ct. 1584, 1597 (1981) (emphasis added).

Here, plaintiffs allege that Winn-Dixie's discriminatory check-cashing policy interferes with their property rights. Construing the statute broadly, the court tentatively concludes that Winn-Dixie's alleged practice of refusing to accept checks written for amounts in excess of the purchase amount at stores in black areas could, if true, interfere with the ability to use, acquire, and hold personal property. Even though it has not been alleged that Winn-Dixie has affirmatively prevented plaintiffs from purchasing merchandise, plaintiffs do allege that they have been prevented from receiving funds through a financial transaction. The funds obtained through banking or financial transactions are a type of property, and Winn-Dixie's alleged policy might, if implemented as plaintiffs describe, interfere with the ability to use and hold those funds. *See Dobson v. Cent. Carolina Bank & Trust Co.*, 240 F. Supp. 2d 516, 524 (M.D.N.C. 2003) (finding that "making a bank deposit and a payment to a credit line account can be construed as holding and/or conveying personal property"); *Evans v. First Fed. Sav. Bank*, 669 F. Supp. 915, 920 (N.D. Ind. 1987) (finding that "the use of one's already-owned property to obtain a loan is a protected use of that property under section 1982 which cannot be impaired on the basis of race."). Therefore, inasmuch as plaintiffs have alleged a interference with a property interest,

their § 1982 claim passes muster under Rule 12(b)(6) analysis. Under Rule 56 analysis the answer might be different.

## II. Motion for More Definite Statement

In its motion for a more definite statement, Winn-Dixie seeks clarification of the theory underlying plaintiffs' class allegations. In response, plaintiffs state that they are seeking class certification pursuant to Rule 23(b)(2) and (b)(3), both individually and in combination. Plaintiffs have promised to file an amended complaint that clarifies their class allegations. As the court indicated at its regular motion docket on April 18, 2008, it is important to define the putative class at issue as soon as practicable. Do plaintiffs seek to represent a national class, a Five Points West class, or something in between? In order to facilitate the process of clarifying the class description, the court will grant plaintiffs limited discovery and will set a deadline for filing an amended complaint with a more precise class description.

### Conclusion

In accordance with the foregoing, the court will, by separate order, grant in part and deny in part Winn-Dixie's 12(b)(6) motion and will grant its motion for a more definite statement.

DONE this 8th day of May, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE